## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN CRAIG COLLINS, aka
Steven Raulings, aka Steven Foster,
*Appellant.*

(138,100; CA A28348)

672 P2d 1388

Michael Curtis, Salem, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant appeals from a conviction for failure to appear in the first degree. ORS 162.205 provides that a person commits that crime if he intentionally fails to appear in court in connection with a felony charge as required by a release agreement.[1] The release agreement that defendant signed provided that he was to appear "at all times and places as ordered by the court where these charges may be prosecuted * * *." It is undisputed that defendant intentionally failed to appear in court on December 1, 1982, in connection with a felony charge as required by the release agreement.

Defendant makes three assigments of error, all of which present the same issue: whether a release assistance deputy has authority to execute a release agreement for the court. Defendant asserts that a release agreement must be signed by the court or the release assistance officer and not by the release assistance deputy; that the release agreement that the deputy signed was not valid; and therefore that defendant's violation of its terms cannot provide the basis for defendant's conviction. We affirm.

The release agreement required defendant to appear on November 10, 1982, on a felony charge. Defendant appeared on that date, and the court continued the proceedings to December 1, 1982, and told defendant to appear then. Defendant failed to do so. ORS 135.235 states:

"(1)  The presiding circuit court judge of the judicial district may designate a Release Assistance Officer who shall, except when impracticable, interview every person detained pursuant to law and charged with an offense.

"(2)  The Release Assistance Officer shall verify release criteria information and may either:

---

[1] ORS 162.205(1) provides:

"A person commits the crime of failure to appear in the first degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that he will subsequently appear personally in connection with a charge against him of having committed a felony, he intentionally fails to appear as required. * * *"

ORS 135.255(2) provides:

"A failure to appear as required by the release agreement shall be punishable as provided in ORS 162.195 or 162.205."

"(a)  Timely submit a written report to the magistrate containing, but not limited to, an evaluation of the release criteria and a recommendation for the form of release; or

"(b)  If delegated release authority by the presiding circuit court judge of the judicial district, make the release decision.

"(3)  The presiding circuit court judge of the judicial district may appoint release assistance deputies who shall be responsible to the Release Assistance Officer."

It is not disputed that authority to make a "release decision" within the meaning of ORS 135.235(2)(b) includes authority to execute a release agreement. Defendant also does not dispute that the presiding circuit court judge of Marion County delegated to the release assistance officer authority to make release decisions.

The legislature was aware that in heavily populated counties it would be impracticable to require a single release assistance officer to interview all persons detained and to make all release decisions. It provided for release assistance deputies appointed by the presiding judge and responsible to the release assistance officer.

We hold that the release assistance deputy may execute a release agreement for the court if, as here, the presiding judge delegates that authority to the release assistance officer and appoints the release assistance deputy. The release agreement was valid. The assignments of error are without merit.

Affirmed.